Gregory S. Arovas, P.C.
Todd M. Friedman, P.C.
James E. Marina
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
greg.arovas@kirkland.com
todd.friedman@kirkland.com
james.marina@kirkland.com
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IXI Mobile (R&D) Ltd. and IXI IP, LLC,<br><br>Plaintiffs,<br><br>- against -<br><br>Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC,<br><br>Defendants. | CASE NO. 14-CV-4355-RJS-DF<br><br>ECF Case<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung" or "Defendants") respond to IXI Mobile (R&D) Ltd. and IXI IP, LLC's (collectively, "IXI" or "Plaintiffs") Complaint for Patent Infringement (hereinafter "Complaint") as follows:

## INTRODUCTION

Samsung denies all allegations in IXI's Complaint unless expressly admitted in the following paragraphs. Samsung also reserves the right to take further positions and raise additional defenses and counterclaims that may become apparent as a result of additional information discovered subsequent to filing this Answer.

## NATURE OF THE ACTION

1. Samsung admits that IXI purports to bring this action under the patent laws of the United States (35 U.S.C. § 100 et seq.). Samsung denies the remaining allegations in paragraph 1 of the Complaint.

## THE PARTIES

2. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Samsung admits that Samsung Electronics Co., Ltd. ("SEC") is a Korean corporation with its principal offices at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, South Korea. Samsung further admits that SEC sells wireless mobile devices and related services.

5. Samsung admits that Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung further admits that SEA sells certain wireless mobile devices. Samsung denies the remaining allegations in paragraph 5 of the Complaint.

6. Samsung admits that Samsung Telecommunications America, LLC ("STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081. Samsung further admits that STA sells certain wireless mobile devices. Samsung denies the remaining allegations in paragraph 6 of the complaint.

7. Samsung admits that the Complaint purports to refer to SEC, SEA, and STA collectively as "SAMSUNG."

## JURISDICTION AND VENUE

8. Samsung admits that, for the purpose of this action only, this Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Samsung admits that, for the purpose of this action only, SEA is subject to this Court's personal jurisdiction.

10. To the extent that Paragraph 10 states a legal conclusion, no response is required. Samsung otherwise denies the allegations of Paragraph 10.

11. To the extent that Paragraph 11 states a legal conclusion, no response is required. Samsung otherwise denies the allegations of Paragraph 11.

## BACKGROUND

12. Samsung denies the characterizations in paragraph 12 of the Complaint to the extent they seek to characterize the scope of the asserted patents or the scope of the disputed issues in this case.

13. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

## THE PATENTS-IN-SUIT

15. Samsung admits that the Complaint alleges infringement of U.S. Patent No. 7,295,532, U.S. Patent No. 7,426,398, U.S. Patent No. 7,039,033, and U.S. Patent No. 7,016,648.

A. Samsung admits that United States Patent No. 7,295,532 ("the '532 patent") was issued by the United States Patent and Trademark Office on November 13, 2007;

B. Samsung admits that United States Patent No. 7,426,398 ("the '398 patent") was issued by the United States Patent and Trademark Office on September 16, 2008;

C. Samsung admits that United States Patent No. 7,039,033 ("the '033 patent") was issued by the United States Patent and Trademark Office on May 2, 2006;

D. Samsung admits that United States Patent No. 7,016,648 ("the '648 patent") was issued by the United States Patent and Trademark Office on March 21, 2006.

16. Samsung admits that what purports to be copies of the '532 Patent, the '398 Patent, the '033 Patent, and the '648 Patent are attached to the Complaint as Exhibits A-D, respectively.

## SAMSUNG'S ALLEGED INFRINGEMENT

17. Samsung admits that SEC and/or STA makes outside the U.S., offers for sale, and/or sells within the U.S. and/or imports into the U.S. the Galaxy S®II, Galaxy S®III, Galaxy S®4, and Galaxy S®5, the Galaxy Note® 3, and the LTE Mobile HotSpot PRO. Samsung denies the remaining allegations in paragraph 17 of the Complaint.

18. Samsung admits that there are many U.S. patents and patent applications that may relate to the fields of mobile tethering, cellular telephony, and Internet connectivity. Samsung otherwise denies the allegations in paragraph 18 of the Complaint.

**FIRST COUNT FOR RELIEF**
**(ALLEGED INFRINGEMENT OF THE '532 PATENT)**

19. Samsung repeats and incorporates by reference the responses in paragraphs 1-18 as though fully set forth herein.

20. Samsung denies the allegations in paragraph 20 of the Complaint.

21. Samsung denies the allegations in paragraph 21 of the Complaint.

22. Samsung denies the allegations in paragraph 22 of the Complaint.

23. Samsung denies the allegations in paragraph 23 of the Complaint.

24. Samsung denies the allegations in paragraph 24 of the Complaint.

25. Samsung denies the allegations in paragraph 25 of the Complaint.

26. Samsung denies the allegations in paragraph 26 of the Complaint.

27. Samsung denies the allegations in paragraph 27 of the Complaint.

**SECOND COUNT FOR RELIEF**
**(ALLEGED INFRINGEMENT OF THE '398 PATENT)**

28. Samsung repeats and incorporates by reference the responses in paragraphs 1-27 as though fully set forth herein.

29. Samsung denies the allegations in paragraph 29 of the Complaint.

30. Samsung denies the allegations in paragraph 30 of the Complaint.

31. Samsung denies the allegations in paragraph 31 of the Complaint.

32. Samsung denies the allegations in paragraph 32 of the Complaint.

33. Samsung denies the allegations in paragraph 33 of the Complaint.

34. Samsung denies the allegations in paragraph 34 of the Complaint.

35. Samsung denies the allegations in paragraph 35 of the Complaint.

36. Samsung denies the allegations in paragraph 36 of the Complaint.

**THIRD COUNT FOR RELIEF**
**(ALLEGED INFRINGEMENT OF THE '033 PATENT)**

37. Samsung repeats and incorporates by reference the responses in paragraphs 1-36 as though fully set forth herein.

38. Samsung denies the allegations in paragraph 38 of the Complaint.

39. Samsung denies the allegations in paragraph 39 of the Complaint.

40. Samsung denies the allegations in paragraph 40 of the Complaint.

41. Samsung denies the allegations in paragraph 41 of the Complaint.

42. Samsung denies the allegations in paragraph 42 of the Complaint.

43. Samsung denies the allegations in paragraph 43 of the Complaint.

44. Samsung denies the allegations in paragraph 44 of the Complaint.

45. Samsung denies the allegations in paragraph 45 of the Complaint.

**FOURTH COUNT FOR RELIEF**
**(ALLEGED INFRINGEMENT OF THE '648 PATENT)**

46. Samsung repeats and incorporates by reference the responses in paragraphs 1-45 as though fully set forth herein.

47. Samsung denies the allegations in paragraph 47 of the Complaint.

48. Samsung denies the allegations in paragraph 48 of the Complaint.

49. Samsung denies the allegations in paragraph 49 of the Complaint.

50. Samsung denies the allegations in paragraph 50 of the Complaint.

51. Samsung denies the allegations in paragraph 51 of the Complaint.

52. Samsung denies the allegations in paragraph 52 of the Complaint.

53. Samsung denies the allegations in paragraph 53 of the Complaint.

54. Samsung denies the allegations in paragraph 54 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Samsung denies that IXI is entitled to any relief.

## GENERAL DENIAL

Samsung further denies each and every allegation contained in the Complaint to which Samsung has not specifically responded.

## AFFIRMATIVE AND OTHER DEFENSES

Samsung asserts the following defenses in response to the allegations of IXI's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Samsung reserve all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
**(Non-Infringement)**

Samsung does not infringe and has not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of U.S. Patent No. 7,295,532 ("the '532 Patent"), U.S. Patent No. 7,426,398 ("the '398 Patent"), U.S. Patent No. 7,039,033 ("the '033 Patent"), and U.S. Patent No. 7,016,648 ("the '648 Patent") ("the Asserted Patents"), either literally or under the doctrine of equivalents, willfully or otherwise. For example, and without limitation:

Samsung has not and does not directly infringe any claim of the Asserted Patents under 35 U.S.C. § 271(a) or otherwise because, for example, Samsung's products do not include each and every element of any valid claim of the Asserted Patents.

Samsung has not and does not contributorily infringe any claim of the Asserted Patents under 35 U.S.C. § 271(c) because, in addition to there being no direct infringement, Samsung's products are not especially made or especially adapted for use in infringement of any valid claim of the Asserted Patents, Samsung's products are suitable for substantial noninfringing uses, and Samsung lacks any knowledge to the contrary.

Samsung has not and does not actively induce others to infringe any claim of the Asserted Patents under 35 U.S.C. § 271(b) because Samsung has not actively and knowingly aided and abetted another's direct infringement, including the required knowledge and intent.

## SECOND DEFENSE
**(Invalidity)**

The Asserted Patents are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103 and/or 112, including for example because each and every claim element is taught by the prior art.

## THIRD DEFENSE
**(Statutory Damages Limitations)**

IXI's recovery for alleged infringement of the Asserted Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287 and 288.

**FOURTH DEFENSE**
**(Laches)**

IXI's recovery of damages for the alleged infringement of the Asserted Patents is barred by the equitable doctrine of laches. In particular, IXI delayed filing suit against Samsung for an unreasonable and inexcusable length of time from the time it knew or reasonably should have known of its claims against Samsung. This delay caused Samsung to suffer prejudice.

**FIFTH DEFENSE**
**(Estoppel)**

IXI's claims are barred in whole or in part by estoppel, including without limitation prosecution history estoppel. IXI is estopped, based on statements, representations, and admissions made during the prosecution before the United States Patent and Trademark Office of the patent applications resulting in the Asserted Patents, as well as patent applications and proceedings related to any of the Asserted Patents, from asserting that Samsung has infringed, directly or indirectly, any claim of the Asserted Patents, either literally or under the doctrine of equivalents.

**SIXTH DEFENSE**
**(License)**

IXI’s claims are barred in whole or in part by license, including without limitation licenses granted by IXI in connection with its membership in the Bluetooth SIG to other members of the Bluetooth SIG, including Samsung.

**SEVENTH DEFENSE**
**(No Entitlement to Injunctive Relief)**

IXI is not entitled to injunctive relief against Samsung, including at least because any alleged injury to IXI as a result of Samsung's alleged activities is not immediate or irreparable,

lack of nexus between any alleged infringement and alleged harm to IXI, and IXI has an adequate remedy at law.

**EIGHTH DEFENSE**
**(Costs)**

IXI is not entitled to recover costs associated with this action under 35 U.S.C. § 285.

**COUNTERCLAIMS**

Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung" or "Counterclaimants"), by and through their attorneys, assert the following against Counterdefendants IXI Mobile (R&D) Ltd. and IXI IP, LLC (collectively, "IXI" or "Counterdefendants"). Samsung further states as follows:

1. Samsung Electronics Co., Ltd. is a South Korean corporation with its principal offices at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, South Korea.

2. Samsung Electronics America, Inc. is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

3. Samsung Telecommunications America, LLC is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081.

4. On information and belief IXI Mobile (R&D) Ltd. (formerly known as IXI Mobile (Israel) Ltd.) is a company incorporated and registered under the law of Israel with a registered address of 11 Moshe Levi Street Rishon Lezion 75658, Israel.

5. On information and belief, IXI IP, LLC is a New York limited liability company with a registered address of 1218 Central Avenue, Suite 100, Albany, NY 12205.

## JURISDICTION AND VENUE

6. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., for a declaratory judgment that patents owned by IXI are not infringed by Samsung and are invalid.

7. A valid and justiciable controversy regarding U.S. Patent No. 7,295,532 ("the '532 Patent"), U.S. Patent No. 7,426,398 ("the '398 Patent"), U.S. Patent No. 7,039,033 ("the '033 Patent"), and U.S. Patent No. 7,016,648 ("the '648 Patent") ("the Asserted Patents") has arisen because IXI is asserting infringement of these patents by Samsung, and Samsung denies these assertions. Therefore, this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. This Court has personal jurisdiction over IXI and venue is proper under 35 U.S.C. § 1391(b) at least because Samsung is raising counterclaims to IXI's infringement claims, and because IXI has voluntarily appeared and consented to this venue by filing its claims for patent infringement here.

9. An actual and justiciable controversy exists between Samsung and IXI concerning the non-infringement and invalidity of one or more claims of the Asserted Patents. That controversy is ripe for adjudication by this Court.

## COUNTERCLAIM COUNT I
**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,295,532)**

10. Samsung realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 9.

11. IXI failed to show, and cannot show, that Samsung's products infringe any of the Asserted Patents. IXI's Complaint asserts four patents that together contain 132 claims. IXI fails to specify with any particularity the claims that IXI alleges are infringed by Samsung's products.

12. Samsung has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '532 patent, either literally or under the doctrine of equivalents. Samsung has not and does not directly infringe any claim of the '532 patent because Samsung's products do not include each and every element of any claim of the '532 patent. Additionally, Samsung has not and does not contributorily infringe any claim of the Asserted Patents under 35 U.S.C. § 271(c) because, in addition to there being no direct infringement, Samsung's products are not especially made or especially adapted for use in infringement of any valid claim of the '532 patent, Samsung's products are suitable for substantial noninfringing uses, and Samsung lacks any knowledge to the contrary. Further, Samsung has not and does not actively induce others to infringe any claim of the '532 patent under 35 U.S.C. § 271(b) because Samsung has not actively and knowingly aided and abetted another's direct infringement, including the required knowledge and intent.

13. The '532 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112, including for example because each and every claim element is taught by the prior art.

## COUNTERCLAIM COUNT II
**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,426,398)**

14. Samsung realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 9.

15. IXI failed to show, and cannot show, that Samsung's products infringe any of the Asserted Patents. IXI's Complaint asserts four patents that together contain 132 claims. IXI fails to specify with any particularity the claims that IXI alleges are infringed by Samsung's products.

16. Samsung has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '398 patent, either literally or under the doctrine of equivalents. Samsung has not and does not directly infringe any claim of the '398 patent because Samsung's products do not include each and every element of any claim of the '398 patent. Additionally, Samsung has not and does not contributorily infringe any claim of the Asserted Patents under 35 U.S.C. § 271(c) because, in addition to there being no direct infringement, Samsung's products are not especially made or especially adapted for use in infringement of any valid claim of the '398 patent, Samsung's products are suitable for substantial noninfringing uses, and Samsung lacks any knowledge to the contrary. Further, Samsung has not and does not actively induce others to infringe any claim of the '398 patent under 35 U.S.C. § 271(b) because Samsung has not actively and knowingly aided and abetted another's direct infringement, including the required knowledge and intent.

17. The '398 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112, including for example because each and every claim element is taught by the prior art.

## COUNTERCLAIM COUNT III
**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,039,033)**

18. Samsung realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 9.

19. IXI failed to show, and cannot show, that Samsung's products infringe any of the Asserted Patents. IXI's Complaint asserts four patents that together contain 132 claims. IXI fails to specify with any particularity the claims that IXI alleges are infringed by Samsung's products.

20. Samsung has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '033 patent, either literally or under the doctrine of equivalents. Samsung has not and does not directly infringe any claim of the '033 patent because Samsung's products do not include each and every element of any claim of the '033 patent. Additionally, Samsung has not and does not contributorily infringe any claim of the Asserted Patents under 35 U.S.C. § 271(c) because, in addition to there being no direct infringement, Samsung's products are not especially made or especially adapted for use in infringement of any valid claim of the '033 patent, Samsung's products are suitable for substantial noninfringing uses, and Samsung lacks any knowledge to the contrary. Further, Samsung has not and does not actively induce others to infringe any claim of the '033 patent under 35 U.S.C. § 271(b) because Samsung has not actively and knowingly aided and abetted another's direct infringement, including the required knowledge and intent.

21. The '033 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112, including for example because each and every claim element is taught by the prior art.

**COUNTERCLAIM COUNT IV**
**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,016,648)**

22. Samsung realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 9.

23. IXI failed to show, and cannot show, that Samsung's products infringe any of the Asserted Patents. IXI's Complaint asserts four patents that together contain 132 claims. IXI fails to specify with any particularity the claims that IXI alleges are infringed by Samsung's products.

24. Samsung has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '648 patent, either literally or under the doctrine of equivalents. Samsung has not and does not directly infringe any claim of the '648 patent because Samsung's products do not include each and every element of any claim of the '648 patent. Additionally, Samsung has not and does not contributorily infringe any claim of the Asserted Patents under 35 U.S.C. § 271(c) because, in addition to there being no direct infringement, Samsung's products are not especially made or especially adapted for use in infringement of any valid claim of the '648 patent, Samsung's products are suitable for substantial noninfringing uses, and Samsung lacks any knowledge to the contrary. Further, Samsung has not and does not actively induce others to infringe any claim of the '648 patent under 35 U.S.C. § 271(b) because Samsung has not actively and knowingly aided and abetted another's direct infringement, including the required knowledge and intent.

25. The '648 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112, including for example because each and every claim element is taught by the prior art.

## DEMAND FOR TRIAL BY JURY

26. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Samsung hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Samsung prays for judgment as follows on IXI's Complaint and on Samsung's Answer, Affirmative Defenses and Counterclaims:

A. That each of the Asserted Patents be declared not infringed and invalid;

B. That IXI take nothing by its Complaint;

C. That judgment be entered in favor of Samsung against IXI on IXI's Complaint and on Samsung's counterclaims;

D. That pursuant pursuant to 35 U.S.C. § 285 and/or other applicable laws, IXI's conduct in commencing and pursuing this action be found to render this an exceptional case and that Samsung be awarded its attorneys' fees incurred in connection with this action;

E. That Samsung be awarded its costs of suit incurred herein; and

F. That Samsung be granted such other and additional relief as this Court deems just and proper.

Dated: New York, NY
September 26, 2014

Kirkland & Ellis LLP

*/s/Todd M. Friedman, P.C.*

Gregory S. Arovas, P.C.
Todd M. Friedman, P.C.
James E. Marina
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
greg.arovas@kirkland.com
todd.friedman@kirkland.com
james.marina@kirkland.com
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC*