John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jennifer S. Coleman, Bar No. 213210
jcoleman@hopkinscarley.com
Aleksandr Korzh, Bar No. 286613
akorzh@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Thomas S. Biemer (*Pro Hac Vice*)
tbiemer@dilworthlaw.com
John J. Higson (*Pro Hac Vice*)
jhigson@dilworthlaw.com
Joshua Wolson (*Pro Hac Vice*)
jwolson@dilworthlaw.com
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

Attorneys for Plaintiffs
IXI MOBILE (R&D) LTD. and IXI IP, LLC

*Additional counsel in signature block*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IXI MOBILE (R&D) LTD. and IXI IP, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., et al.,<br><br>　　　　　　　Defendants. | CASE NO.  3:15-CV-03752-HSG |

626\1260597.4

JOINT CASE MANAGEMENT STATEMENT　　　　　　　　　　　　　　　　　　3:15-CV-03752-HSG

| | |
|---|---|
| IXI MOBILE (R&D) LTD. and IXI IP, LLC,<br><br>             Plaintiffs,<br><br>     v.<br><br>BLACKBERRY CORPORATION, et al.,<br><br>             Defendants. | CASE NO.  3:15-CV-03754-HSG<br>*(RELATED CASE)* |
| IXI MOBILE (R&D) LTD. and IXI IP, LLC,<br><br>             Plaintiffs,<br><br>     v.<br><br>APPLE INC.<br><br>             Defendant. | CASE NO.  4:15-CV-03755-HSG<br>*(RELATED CASE)*<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to this Court's Case Management Conference Order In Reassigned Cases, Plaintiffs IXI Mobile (R&D) Ltd. and IXI IP, LLC (collectively "IXI" or "Plaintiffs"), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (hereinafter "Samsung"), Defendants BlackBerry Limited and BlackBerry Corporation (hereinafter "BlackBerry"), and Defendant Apple Inc. (hereinafter "Apple") (collectively "Defendants") submit this Joint Case Management Statement and [Proposed] Order.

**1. Jurisdiction and Service:**

This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq., and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b). This matter was transferred to the above-captioned Court pursuant to the Order dated August 6, 2015 granting Defendants' Motion to Transfer Venue to Northern District of California (Dkt. No. 79).[1]  All parties have appeared.

**2. Facts:**

This is a patent case, involving infringement assertions by IXI under U.S. Patent Nos.

---

[1] For simplicity, all referenced docket numbers are to the docket in the *IXI v. Samsung* case.

626\1260597.4                                         - 2 -

JOINT CASE MANAGEMENT STATEMENT                                                         3:15-CV-03752-HSG

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

7,016,648; 7,039,033; and 7,295,532 (collectively the "Patents-in-Suit"); against products made by Samsung, BlackBerry, and Apple.

IXI filed complaints against Samsung on June 17, 2014, BlackBerry on June 18, 2014, and Apple on October 2, 2014, each in the Southern District of New York. Samsung and BlackBerry filed answers and counterclaims on September 26, 2014; Apple filed its answer on November 24, 2014.

IXI, Samsung, BlackBerry, and Apple submitted an agreed-upon case management schedule which was approved by the S.D.N.Y. and that included the completion of claim construction briefing by August 14, 2015 and fact discovery by November 10, 2015. On January 20, 2015, IXI served its disclosure of Asserted Claims and Infringement Contentions upon Samsung, BlackBerry, and Apple, on March 9, 2015 Defendants served their Invalidity Contentions; IXI and Defendants have each subsequently served amended contentions. The parties submitted a Joint Claim Terms Chart on June 8, 2015 and IXI filed its opening claim construction brief on July 8, 2015. The cases were transferred to the N.D. Cal. on August 6, 2015, before the Defendants' opposition claim construction brief was filed.

On June 18 and 19, 2015, Samsung and Apple filed *Inter Partes Review* petitions challenging the validity of the asserted claims in the three Patents-in-Suit. IXI filed its responses to those petitions on October 2, 2015. The PTAB is expected to issue decisions on these petitions no later than January 2, 2016.

**3. Legal Issues:**

The parties have identified the following principal remaining disputed issues:

    A. Whether or not Defendants have infringed and continue to infringe the Patents-in-Suit;

    B. Whether or not the Patents-in-Suit are valid and enforceable;

    C. Whether or not Defendants should be preliminarily and permanently restrained and enjoined from infringing the Patents-in-Suit;

    D. Whether this action is an exceptional case for awarding attorneys' fees under 35 U.S.C. §285.

**4. Motions:**

There is one motion currently pending before the Court:

(1) Defendants' Motion to Stay Pending Inter Partes Review.  As Defendants set forth below, they believe that many of the typical CMC issues, such as discovery and case schedule, would be best addressed following the Court's decision on the Motion to Stay.

**5. Amendment of Pleadings:**

The parties agree that no additional parties may be joined except with leave of the Court and that amended pleadings may not be filed except with leave of the Court.

**6. Evidence Preservation:**

Each of the parties have reviewed the ESI Guidelines and each of the parties believes that it has taken appropriate and reasonable measures to preserve evidence relevant to a party's claims and defenses in this matter.

**7. Disclosures:**

Each party served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) by January 2015.

**8. Discovery:**

The Case Management Plan and Scheduling Order entered by the S.D.N.Y. called for the completion of fact discovery by November 10, 2015.  The parties began the exchange of written discovery in October, 2014 and have propounded and responded to document discovery, including various document and source code productions, and to multiple sets of written discovery. The parties have also held various meet and confers regarding alleged deficiencies in document productions and written discovery.  IXI and Apple have served several third-party subpoenas requesting documents and depositions, and various third-party productions have been made.  Beginning in May, 2015, IXI began the process of reviewing source code for each of the Defendants, that process is ongoing.  Defendants deposed one of the inventors of the Patents-in-Suit in July 2015 and, for claim construction purposes, deposed IXI's expert, also in July 2015.  IXI has served each Defendant with a Notice of Deposition pursuant to Federal Rule 30(b)(6),

each of which awaits final scheduling. The parties have continued to meet and confer on open discovery issues.  However, given the Defendants' pending Motion to Stay Pending Inter Partes Review, the Defendants believe that discussion of a schedule for further discovery would be fruitful following resolution of that motion.

The parties negotiated a Protective Order that was entered by the Court in the S.D.N.Y. (Dkt. Nos. 60, 61) and which is still in effect in this case.  That Protective Order contains certain limitations regarding the number of pages of source code IXI is permitted to print from its review. In August, 2015, Samsung informed IXI that it was an appropriate time for IXI to amend its Infringement Contentions with source code citations.  IXI has advised that, where appropriate, it will amend its contentions with source code citations after its review has been completed. IXI also requested that Samsung agree to an expansion of the printed page limitations contained in the Protective Order in order to do so.  IXI and Samsung do not have an agreement on this issue at this time.

### A. Limits on Discovery:

The parties previously agreed that IXI is limited to seventy (70) hours of deposition of fact witnesses of Samsung, seventy (70) hours of deposition of fact witnesses of BlackBerry, and (70) hours of deposition of fact witnesses of Apple. Samsung, BlackBerry, and Apple are limited to seventy (70) hours each of deposition of fact witnesses of IXI. Samsung, BlackBerry, and Apple shall make reasonable efforts to conduct their depositions of IXI witnesses jointly to the extent practical. In no event shall any deposition count as less than three (3) hours toward a party's total deposition hours. The parties intend to take depositions of expert witnesses and third party witnesses, which shall not be included in the 70 hour limits.

### B. Production of ESI:

The parties have met and conferred multiple times and have negotiated a nearly complete protocol for ESI production.  Once complete, the parties will submit it to the Court for review and approval.

### 9. Class Actions:

These matters are not class actions.

**10. Related Cases:**

Each of the three above-captioned cases has been accepted as related.

**11. Relief:**

IXI seeks: 1) a judgment that the Defendants have infringed one or more claims of the Patents-in-Suit pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c); and 2) a judgment declaring that continuing manufacture, use, offer for sale, sale, and/or importation of accused products, or inducement of or contribution to such conduct, by Defendants would constitute infringement of one or more claims of the Patents-in-Suit pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c). IXI seeks monetary damages in amount no less than a reasonable royalty. IXI's computation of damages is subject to further analysis and likely expert testimony. IXI believes that damages discovery can take place in conjunction with fact discovery.

The Defendants deny liability for infringement of the Patents-in-Suit and deny that any of the Defendants' products infringe the Patents-in-Suit.  The Defendants believe that each asserted claim of the Patents-in-Suit is invalid.  The Defendants also believe that this is an exceptional case and seek their attorneys' fees, costs, and expenses incurred in these actions.

**12. Settlement and ADR:**

The parties have requested an Early Settlement Conference with a Magistrate Judge.

**13. Consent to Magistrate:**

All parties do not consent to disposition of this case by a Magistrate Judge.

**14. Other References:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

These matters originally involved an additional patent, U.S. Patent No. 7,426,398. In May, 2015, IXI stipulated to the dismissal of all claims related to U.S. Patent No. 7,426,398.  The parties will continue to explore potential ways to narrow the issues during the litigation.

**16. Expedited Trial Procedures:**

This matter is not the type of case that that can be handled under the Expedited Trial

1  Procedure of General Order No. 64 Attachment A.

2  **17. Scheduling:**

3  Plaintiffs' Position:  IXI proposes the schedule described below.

4  Defendants' Position:  The Defendants believe that discussion of a schedule for further discovery and briefing would be fruitful following resolution of the Defendants' Motion to Stay Pending Inter Partes Review.  In the event that the Defendants' Motion to Stay is granted, the Defendants propose holding a Case Management Conference 30 days after the stay is lifted (the "Post-Stay CMC")  in order to determine a schedule that is then appropriate.  Should the Court deny the Defendants' Motion to Stay, the Defendants propose the schedule described below.

| Event | IXI's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Deadline to comply with Northern District Civil L.R. 16-8 and ADR L.R. 3-5 | Completed | Completed |
| Deadline to comply with Northern District Patent L.R. 3-1 | November 6, 2015 (to conform to Northern District Patent L.R. 3-1).<br><br>IXI will supplement its Infringement Contentions with citations to source code, where appropriate, at a time after its review of Defendants' source code is complete. | November 6, 2015 (to conform to Northern District Patent L.R. 3-1).<br><br>November 19, 2015 to fully comply with Northern District Patent L.R. 3-1, including source code citations.<br><br>IXI has already had roughly six months to review Defendants' source code and should therefore include citations to source code in its Rule 3-1 infringement contentions. |
| Deadline to comply with Northern District Patent L.R. 3-3. | November 13, 2015 | January 18, 2016 |
| IXI's opening claim construction brief and any expert declaration in support | November 6, 2015[2] | January 11, 2015, or 15 days after a Post-Stay CMC, whichever is later. |

---

[2] As stated above, IXI filed its opening claim construction brief in the S.D.N.Y. on July 8, 2015. Given the subsequent transfer from the S.D.N.Y., IXI intends to replace citations to cases in the S.D.N.Y. in its previously-filed brief with citations to cases in the N.D. Cal., but will not substantively modify its arguments or positions. The

626\1260597.4                                              - 7 -
JOINT CASE MANAGEMENT STATEMENT                                            3:15-CV-03752-HSG

| Event | IXI's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Defendants' opposing claim construction brief, (Patent L.R. 4-5(b)) and any expert declaration in support | November 20, 2015 | January 25, 2016, or 30 days after a Post-Stay CMC, whichever is later. |
| IXI's reply claim construction brief (Patent L.R. 4-5(c)). | December 11, 2015, including any supplemental expert declaration in support (with Defendants' expert deposition to be completed by December 4, 2015). | February 8, 2016, or 14 days after the filing of Defendants' opposing claim construction brief, whichever is later. |
| Technology Tutorial and Claim Construction Hearing | In January 2016, at a time convenient for the Court. | In March 2016, at a time convenient for the Court. |
| Close of fact discovery | April 15, 2016, or 30 days after the entry of a Claim Construction Order, whichever is later. ||
| Deadline to file discovery motions relating to fact discovery | 14 days after the close of fact discovery. ||
| Designation of opening experts with reports | 45 days after claim construction ruling. | 90 days after the close of fact discovery. |
| Designation of rebuttal experts with reports | 45 days after initial expert reports. ||
| Close of expert discovery | 45 days after rebuttal expert reports. ||
| Last day to file dispositive and *Daubert* motions | 45 days after completion of expert discovery. ||
| Pre-trial disclosures (Fed. R. Civ. P. 26(a)(3)(B)) | TBD ||
| Pre-trial objections (Fed. R. Civ. P. 26(a)(3)(B)) | TBD ||
| Final pre-trial conference | TBD ||
| Trial | TBD ||

**18. Trial:**

These cases, even though they are consolidated for pre-trial proceedings, will each be tried to separate juries. The parties have conferred and their present best estimate of the length of trial is: two to three weeks for each trial, depending on the length of the trial day.

---

parties have agreed to meet and confer prior to IXI re-filing its opening claim construction brief in the N.D. Cal. Subject to these qualifications, the Defendants do not oppose this request.

**19. Disclosure of Non-Party Interested Entities or Persons:**

The parties have filed their respective Corporate Disclosure Statements pursuant to Federal Rule of Civil Procedure 7.1(a) and their Certificates of Interested Parties and Entities pursuant to Civil Local Rule 3-15.

20. **Other Issues**

The parties do not believe that any other issues are appropriate for inclusion in this Joint Case Management Statement and [Proposed] Order.

**21. Additional Information Pursuant to Patent Local Rule 2-1**

    **A.    Proposed Modifications to the Obligations or Deadlines Set Forth in the Patent Local Rules.**

The parties' proposed schedule is set forth in Section 17 above.

    **B.    How the Parties Intend to Educate the Court on the Technology at Issue.**

The parties propose educating the Court on the technology at issue through a tutorial as set forth in the above proposed schedule. The parties propose that the Plaintiffs be allowed to make a 45 minute presentation, followed by a 45 minute presentation by the Defendants. The parties propose that a Claim Construction Hearing follow the technology tutorial. IXI believes that the Claim Construction Hearing will require approximately one day.

Dated: October 29, 2015                  HOPKINS & CARLEY
                                                  A Law Corporation


                                                  By: */s/ John V. Picone III*
                                                      John V. Picone III
                                                      Jennifer S. Coleman
                                                      Aleksandr Korzh
                                                      Attorneys for Plaintiffs
                                                      IXI MOBILE (R&D) LTD. and IXI IP, LLC

| | | |
|---|---|---|
| Dated: October 29, 2015 | | KIRKLAND & ELLIS LLP |
| | | By: */s/ Todd M. Friedman* |
| | | Gregory S. Aravos, P.C. |
| | | Todd M. Friedman, P.C. |
| | | James E. Marina |
| | | Attorneys for Defendants |
| | | Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC |
| Dated: October 29, 2015 | | MCGUIREWOODS LLP |
| | | By: */s/ Shaun W. Hassett* |
| | | Jason W. Cook |
| | | Shaun W. Hassett |
| | | Franklin D. Kang |
| | | Attorneys for Defendants BlackBerry Limited and BlackBerry Corporation |
| Dated: October 29, 2015 | | SIMPSON THACHER & BARTLETT |
| | | By: */s/ Gregory T. Chuebon* |
| | | Harrison J. Frahn IV |
| | | Patrick E. King |
| | | Gregory T. Chuebon |
| | | Elizabeth A. Gillen |
| | | Attorneys for Defendant Apple Inc. |

626\1260597.4 — - 10 -
JOINT CASE MANAGEMENT STATEMENT — 3:15-CV-03752-HSG
HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE