United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IXI MOBILE (R&D) LTD., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO LTD, et al.,<br><br>    Defendants. | Case No.  15-cv-03752-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 119 |
| IXI MOBILE (R&D) LTD., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BLACKBERRY LIMITED, et al.,<br><br>    Defendants. | Case No.  15-cv-03754-HSG<br><br>Re: Dkt. No. 121 |
| IXI MOBILE (R&D) LTD., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC,<br><br>    Defendant. | Case No.  15-cv-03755-HSG<br><br>Re: Dkt. No. 106 |

Pending before the Court is Defendants' joint motion to stay the case pending completion of *inter partes* review ("IPR") proceedings. Dkt. No. 119 ("Mot.").[1] For the reasons articulated below, the motion is GRANTED.

---

[1] All docket citations refer to the docket in *IXI Mobile (R&D) Ltd. et al. v. Samsung Electronics Co. Ltd. et al.*, Case No. 15-cv-03752-HSG, unless otherwise indicated.

# I. BACKGROUND

## A. America Invents Act

By enacting the Leahy-Smith America Invents Act ("AIA"), Congress sought to "establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs" and "to create a timely, cost-effective alternative to litigation." 77 Fed. Reg. 48,680-01 (Aug. 14, 2014) (to be codified at 37 C.F.R. § 42.100 *et seq*). To that end, AIA created the IPR procedure, by which the Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB") may review the patentability of one or more claims in a patent. *See* 35 U.S.C. §§ 311-319. IPR replaces the previous *inter partes* reexamination procedure and converts the process from an examinational to an adjudicative one. *See Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013).

IPR allows any party other than the patent owner to challenge a patent's validity under 35 U.S.C. § 102 or § 103 "on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(a)-(b). The petitioning party must establish "a reasonable likelihood that the petitioner would prevail with respect to at least [one] of the claims challenged in the petition" in order for the PTO to institute IPR. 35 U.S.C. § 314(a). If the PTO decides to institute IPR, the proceeding is conducted before a panel of three technically-trained Administrative Patent Judges of the PTAB. *See* 35 U.S.C. §§ 6(a)-(c), 316. Following a final determination, the petitioning party is estopped from asserting invalidity during a later civil action "on any ground that the petitioner raised or reasonably could have raised during" the IPR. 35 U.S.C. § 315(e)(2).

## B. This Litigation

Plaintiffs IXI Mobile (R&D) Ltd. and IXI IP, LLC sued Defendants Samsung Electronics Co., Blackberry Limited, and Apple Inc. in the Southern District of New York on June 17, June 18, and October 2, 2014, respectively. *See* Dkt. No. 1 (Samsung); Case No. 3:15-cv-03754-HSG, Dkt. No. 1 (BlackBerry); Case No. 3:15-cv-03755-HSG, Dkt. No. 1 (Apple).

On February 3, 2015, Defendants moved to transfer the cases to the Northern District of California. Dkt. No. 44. On August 6, 2015, Judge Sullivan granted the motion. Dkt. No. 79. The cases were related and reassigned to this Court on September 9, 2015. Dkt. Nos. 90, 94. An

1    initial case management conference occurred on November 5, 2015.  Dkt. No. 130.

2        Discovery is underway.  Infringement and invalidity contentions have been served.  Dkt.
3    No. 124-1 ¶¶ 11-12.  The parties have served and responded to written discovery and document
4    requests.  *Id.* ¶ 7.  Plaintiffs have begun review of Defendants' source code.  *Id.* ¶ 14.  The parties
5    have served a series of third-party subpoenas.  *Id.* ¶ 17.  Defendants have deposed a third-party
6    inventor and Plaintiffs' claim construction expert.  *Id.* ¶¶ 16, 22.

7        Claim construction has just begun.  The parties filed a joint claim construction statement
8    on June 8, 2015, and Plaintiffs filed an opening claim construction brief on July 8, 2015.  Dkt.
9    Nos. 68, 73.

10       On June 18 and 19, 2015, Defendants Apple and Samsung filed petitions for IPR
11   challenging the validity of each asserted claim in all three patents at issue.  Dkt. No. 119-1 ¶ 5.
12   Defendant BlackBerry is not a party to the IPR petitions.  An institution decision is expected from
13   PTAB on or before January 2, 2016.  Mot. at 3 (citing 35 U.S.C. § 316(a)(11)).

## II.  DISCUSSION

### A.  Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted).  While courts are "under no obligation to stay proceedings pending parallel litigation in the PTAB, . . . judicial efficiency and the desire to avoid inconsistent results may, after a careful consideration of the relevant factors, counsel in favor of a limited stay, even before the PTAB has acted on a petition for IPR."  *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014).  Indeed, some courts in this district have recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011).

Courts consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will

3

simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014). The moving party bears the burden of demonstrating that a stay is appropriate. *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-cv-05889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).

### B.  Stage Of The Litigation

The first factor the Court considers is whether the litigation is at an early stage. *See AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011). Specifically, courts consider "whether discovery is complete and whether a trial date has been set." *Evolutionary Intelligence*, 2014 WL 261837, at *1.

Plaintiffs argue that "[t]hese cases are sufficiently advanced that a stay is not appropriate." Dkt. No. 124 ("Opp.") at 8. The Court does not doubt that the parties have already expended substantial resources on this litigation, but significant work remains to be done. No discovery, dispositive motions, pretrial, or trial deadlines have been set. Claim construction briefing, though underway, is not complete, and there is no claim construction or tutorial hearing set. Moreover, the cases were only recently transferred to this Court. In similar circumstances, courts have found that this factor weighs in favor of a stay. *See Cypress Semiconductor Corp. v. LG Elecs., Inc.*, No. 13-cv-04034-SBA, 2014 WL 5477795, at *2 (N.D. Cal. Oct. 29, 2014) (finding that this factor weighs in favor of a stay where claim construction briefing was complete but "[t]here has been no dispositive motion practice, the claims have not been construed, and no deadlines for completing discovery, motion practice or trial have been set"); *DSS Tech. Mgmt., Inc. v. Apple Inc.*, No. 14-cv-05330-HSG, 2015 WL 1967878, at *2-3 (N.D. Cal. May 1, 2015) (finding that this factor weighs in favor of a stay where claim construction briefing was complete, substantial discovery had been produced, and depositions had begun but fact discovery was not scheduled to close for another six months, expert discovery had not begun, and no trial date had been set).

The Court finds that this factor weighs in favor of a stay.

### C.  Simplification of the Case

The second factor that the Court considers is whether granting a stay could simplify the

litigation. "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014). Granting a stay pending IPR is "particularly" likely to simplify the case "when a party has obtained PTO review of each of the asserted claims in the patents-in-suit." *Evolutionary Intelligence*, 2014 WL 261837, at *2.

Staying the case pending the outcome of IPR could simplify the case by rendering some or all of Plaintiffs' infringement claims moot, estopping Defendants from asserting any arguments they raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert opinion on the claims at issue. *See Evolutionary Intelligence*, 2014 WL 261837, at *2. Indeed, even if the PTAB decides to institute review and affirms the validity of every asserted claim, the case would still be simplified because "such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-cv-01356-EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014).

Because Defendant BlackBerry is not a party to the IPR petitions, it is not bound by the estoppel rules set out in the statute. However, "[t]he court may alleviate any estoppel concern as to [BlackBerry] by using its inherent power to condition a stay on [BlackBerry's] agreement to be bound as if [it] had filed the relevant IPR petition." *Id.* at *6. At the November 5, 2015 hearing, BlackBerry agreed on the record to accept this condition.

Plaintiffs argue that "[t]here is a growing consensus to deny stay requests" where, as here, the PTO has not yet decided whether to institute the requested IPR proceedings. Opp. at 6. The Court disagrees. *See DSS Tech. Mgmt., Inc.*, 2015 WL 1967878, at *3 (finding this factor weighed in favor of a stay even though institution decision not expected for another two months); *Sec. People, Inc. v. Ojmar US, LLC*, No. 14-cv-04968-HSG, 2015 WL 3453780 (N.D. Cal. May 29, 2015) (finding this factor weighed in favor of a stay even though institution decision not expected for another two months); *OpenTV, Inc. v. Apple Inc.*, Case No. 3:14-cv-01622-HSG, Dkt. No. 217 (N.D. Cal. Oct. 21, 2015) (granting stay even though institution decision not expected for another month); *Pragmatus AV*, 2011 WL 4802958, at *3 ("[I]t is not uncommon for [courts] to grant

stays pending reexamination prior to the PTO deciding to reexamine the patent."). Furthermore, either party may file a motion to lift the stay if any part of the petitions for IPR are denied by the PTO—so "any concern that the motion[] [is] premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if *inter partes* review is not instituted for all of the asserted claims." *Evolutionary Intelligence*, 2014 WL 261837, at *3. Here, the case would be stayed for less than two months until the PTO is expected to decide whether to institute IPR proceedings.

The Court finds that this factor weighs in favor of granting a stay conditioned on Blackberry's agreement to be bound as if it were a party to the IPR petitions. If instituted, IPR is likely to simplify the case. Moreover, a six-week delay before the PTO's decision whether to institute IPR on all of the asserted patents is minimal. *See PersonalWeb Techs.*, 2014 WL 116340, at *4 (finding that four-month delay before PTO's institution decision would issue was "relatively short" and did not outweigh anticipated simplification of issues); *Delphix*, 2014 WL 6068407, at *2 ("At a minimum, instituting a brief, limited stay of approximately five months to see whether and how the PTAB will act on Defendant's IPR petitions will conserve judicial resources and avoid inconsistent results.").

### D.  Undue Prejudice

The third factor for the Court to consider is whether Plaintiffs will be unduly prejudiced by a stay. Plaintiffs argue that they will be unduly prejudiced because "the timing [of the filing of the IPR petitions] suggests a dilatory motive." Opp. at 10.

The Court declines to read a dilatory motive into Defendants' timely exercise of their statutory rights, standing alone. *See Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-03970-RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) ("Although defendants did wait nearly a year to file the IPR petitions, they properly filed the petitions within the statutory time frame, and the delay was not unreasonable under the facts here."); *Cypress Semiconductor*, 2014 WL 5477795, at *3 (finding that the fact that defendant filed its IPR petitions close to the end of the statutory deadline "does not demonstrate undue delay"); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. 13-cv-04513-RMW, 2014 WL 819277, at *4 (N.D. Cal. Feb. 28, 2014)

1  ("[T]he IPR petitioners filed the petitions properly within the statutory time frame.  Under these
2  facts, this delay was not unreasonable, and [plaintiff] does not point to any tangible undue
3  prejudice resulting from the IPR petitioners exercising their statutory rights."); *Delphix*, 2014 WL
4  6068407, at *3 ("[W]hile the Court does not condone gamesmanship, it will not require a patent
5  infringement defendant to file a petition for *inter partes* review significantly earlier than the time
6  allowed by statute.").

7  Furthermore, courts have consistently found that where, as here, the parties are not direct
8  competitors, Plaintiffs "do[] not risk irreparable harm by [Defendant's] continued use of the
9  accused technology and can be fully restored to the *status quo ante* with monetary relief."
10 *Software Rights Archive*, 2013 WL 5225522, at *6; *see also Adaptix v. HTC Corp.*, No. 14-cv-
11 02359-PSG, slip op. at 6 (N.D. Cal. Aug. 5, 2015) ("[C]ourts decline to find undue prejudice
12 where the parties are not direct competitors and where any resulting prejudice can be addressed
13 through a final damages award.").

14 Finally, Plaintiffs argue that a stay would "risk undermining [the] preparation of [their]
15 case." Opp. at 11.  But the only example Plaintiffs give of such interference is the general
16 statement that they have "preservation concerns" regarding documents subpoenaed from third
17 parties.  *Id.*  Plaintiffs do not give any specific reason to worry about document preservation
18 issues, nor do they explain how a stay would prejudice any other aspect of their case preparation.
19 As a result, the Court finds that no risk of undue prejudice exists.

20 Because a stay will not cause undue prejudice to Plaintiffs, the Court finds that this factor
21 weighs in favor of granting the stay.

22 *      *      *

23 After weighing the three factors outlined above, the Court finds that a stay is warranted
24 here and will "effectuate[] the intent of the AIA by allowing the agency with expertise to have the
25 first crack at cancelling any claims that should not have issued in the patents-in-suit before costly
26 litigation continues." *Software Rights Archive*, 2013 WL 5225522, at *6.

27
28

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to stay the case pending decision by the PTO whether to institute IPR of the claims asserted in all of Defendants' petitions. Per its agreement on the record at the November 5 hearing, Defendant BlackBerry is subject to the same scope of estoppel that applies to IPR practitioners under 35 U.S.C. § 315(e). The parties shall file a joint status report within five days of the issuance of the PTO's decision(s) on whether to institute IPR challenging the patents-in-suit, informing the Court of the PTO's decision. After the PTO has made a decision on all of Defendants' petitions, the Court will issue an order addressing further proceedings in the case.

**IT IS SO ORDERED.**

Dated: November 12, 2015

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge