UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IXI MOBILE (R&D) LTD., et al., <br>     Plaintiffs, <br> v. <br> SAMSUNG ELECTRONICS CO LTD, et al., <br>     Defendants. | Case No. 15-cv-03752-HSG <br> **ORDER GRANTING MOTION TO LIFT STAY** <br> Re: Dkt. No. 144 |
| IXI MOBILE (R&D) LTD., et al., <br>     Plaintiffs, <br> v. <br> APPLE INC, <br>     Defendant. | Case No. 15-cv-03755-HSG <br> Re: Dkt. No. 135 |

Plaintiffs IXI Mobile (R&D) LTD and IXI IP, LLC (collectively, "IXI") moved to lift the stay in these matters. Case No. 15-cv-03752-HSG Dkt. No. 144 ("Mot.")[1]; Case No. 15-cv-03755-HSG Dkt. No. 135. The Court granted the motions on the record on February 21, 2019, Dkt. No. 162, and issues this short order explaining its reasoning for the record.

**I. BACKGROUND**

Plaintiffs IXI Mobile (R&D) Ltd. and IXI IP, LLC sued Defendants Samsung Electronics Co. and Apple Inc. in the Southern District of New York on June 17 and October 2, 2014, respectively. *See* Dkt. No. 1 (Samsung); Case No. 3:15-cv-03755-HSG, Dkt. No. 1 (Apple).

---

[1] All docket citations refer to the docket in *IXI Mobile (R&D) Ltd. et al. v. Samsung Electronics Co. Ltd. et al.*, Case No. 15-cv-03752-HSG, unless otherwise indicated.

On February 3, 2015, Defendants moved to transfer the cases to the Northern District of California. Dkt. No. 44. On August 6, 2015, Judge Sullivan granted the motion. Dkt. No. 79. The cases were related and reassigned to this Court on September 9, 2015. Dkt. Nos. 90, 94. An initial case management conference occurred on November 5, 2015. Dkt. No. 130.

The parties served infringement and invalidity contentions, served and responded to written discovery and document requests, began source code review, served third-party subpoenas, and conducted at least one deposition. Dkt. No. 124-1 ¶¶ 7, 11–12, 14, 16–17, 22. The parties filed a joint claim construction statement on June 8, 2015, and Plaintiffs filed an opening claim construction brief on July 8, 2015. Dkt. Nos. 68, 73.

On June 18 and 19, 2015, Defendants Apple and Samsung filed petitions for IPR challenging the validity of each asserted claim in all three patents at issue. Dkt. No. 119-1 ¶ 5. After filing the IPR petitions, Defendants moved to stay the litigation. Dkt. No. 119. The Court granted the stay on November 12, 2015. Dkt. No. 133. On September 10, 2018, Defendants' IPR proceedings concluded when the Federal Circuit affirmed the Patent Trial and Appeal Board ("PTAB") decision invalidating the challenged claims of U.S. Patent No. 7,039,033 (the "'033 Patent"). Dkt. No. 142. The final result of Defendants' 2015 IPRs invalidated every asserted claim other than claim 10 of U.S. Patent No. 7,295,532 (the "'532 Patent"). Dkt. No. 147 at 4.

On March 24, 2017, IXI requested an ex parte reexamination of the '033 Patent with the United States Patent Office ("USPTO"), and on February 1, 2018, the USPTO issued an ex parte reexamination certificate amending claim 56 and adding claims 57–124 to the '033 Patent. Dkt. No. 142. Plaintiffs have stated that they intend to assert "many of the[] reexamined claims" of the '033 patent in this litigation when the stay is lifted. Dkt. No. 144 at 3. On November 8, 2018, Apple filed six IPRs challenging the validity of newly-added claims 65–124 of the '033 patent. Dkt. No. 147 at 5.

On April 3, 2018, Apple filed a request for ex parte reexamination of the '532 Patent, including claim 10, and on May 23, 2018, the USPTO issued a decision that granted Apple's ex parte reexamination request on the challenged claims of the '532 Patent. Dkt. No. 142. The PTO's reexamination of the '532 Patent is still ongoing. *Id.*

## II. DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). "District courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008). Courts generally consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014).

When this case was initially filed, Plaintiffs asserted 41 claims from three patents. *See* Dkt. No. 147-1. Now, over three years later, even though only one of the originally-asserted claims has survived IPR, Plaintiffs have generated and intend to assert additional claims. Defendants have filed IPRs attacking some subset of those claims. The Court will have to decide based on the currently-pending motions for leave to amend infringement contentions whether these newly-generated claims will become part of these actions.

The last of the IPRs upon which the initial stay was based concluded over five months ago. Dkt. No. 142 (September 10, 2018). Based upon the results of the stay thus far, the Court is not persuaded that a continued stay is likely to simplify the issues in the case in a timely manner. The Court therefore **GRANTS** Plaintiffs' motion to lift the stay.

**IT IS SO ORDERED.**

Dated: 4/19/2019

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge